## COURT OF SPECIAL SESSIONS — CITY OF NEW YORK.

### May 26, 1922.

## THE PEOPLE v. CHARLES COHEN.

TICKET SPECULATORS—PENAL LAW, SECTION 1534.

The placing in front of and against a store window of a small portable sign printed on oilcloth, announcing the sale of tickets of admission to a boxing exhibition, is a violation of section 1534 of the Penal Law forbidding the soliciting on or in any street in a city by words, signs, circulars, or *other means* any person to purchase any such tickets, or other evidence of the right of entry.

*Joab Banton, District Attorney.*

*Joseph Rosenbach,* attorney for defendant.

FRESCHI, J.:

Is the placing in front of and against a store window of a small portable sign printed on oil cloth, announcing the sale of tickets of admission to a boxing exhibition a violation of section 1534 of the Penal Law (Chap. 12, Laws 1921)?

The facts of the case not being in dispute, the court should be concerned merely with the applicability of the statute to these facts. The law of the case reads as follows:

" § 1534. TICKET SPECULATORS.

Any person who

1. Conducts on or in any street in a city the business of selling or offering for sale any ticket of admission or any other evidence of the right of entry to any performance or exhibition in or about the premises of any theater or concert hall, place of public amusement, circus or common show; or

2. Solicits on or in any street in a city by words, signs, circulars or other means any person to purchase any such ticket or other evidence of the right of entry; or

3. In or from any building, store, shop, booth, yard, garden, or in or from any opening, window, door, hallway, corridor or in or from any place of ingress or egress to or from any building, place of business, store, shop, booth, yard or garden in a city indicates, holds out or offers for sale to any person or persons on or in the street by word of mouth, crying, calling, shouting or other means that such ticket or other evidence of the right. of entry may be purchased in such building, store, shop, booth, yard, garden or any other place; or

4. In or from such place or places in a city solicits by word of mouth, crying, calling, shouting, or other means any person on or in the street to purchase any such ticket or other evidence of the right of entry,

Is guilty of a misdemeanor."

Clearly, this law was enacted to prevent some of the many abuses which have grown up in connection with the business of ticket speculation which have tended to a breach of the peace by ticket speculators. It specifically prohibits certain acts, such as public sales or offers of sale and soliciting persons to purchase tickets of admission to theatres and places of public amusement; and inasmuch as all this is in derogation of

7

recognized common law rights, the statute must be strictly construed with a view to limiting the operation of the law to the acts within its purview and reasonable amendment.

The prosecution relies upon the words " or other means " (sub-div. 2 of the Statute) as indicating something in addition to the enumerated prohibited acts. The District Attorney argues that these words are intended to comprehend not only the open public solicitation, etc., but as well, the act here complained of by the police.

The prosecutor contends that " other means " is a generic term which adds " other devices and methods " besides those described. These words in their ordinary common acceptation must be held to include " means " of a like character and not additional means.

A reasonable construction of these words taken with their context and with a view to according them a meaning that will carry out the general purposes of the law is to regulate the conduct of those engaged in the sale of tickets on or near the highway. The primary purpose is to compel them to stay off the streets and to prevent the solicitation of their business in such a manner as not to annoy or offend pedestrians. Boisterous calling and invitation even from private premises is a violation; but a sign painted on a show window of a store or attached to the outside of the same window, provided it does not interfere with the rights of the public in going to and fro surely is not, in my opinion, that sort of " other means " as is made criminal. Ticket agencies openly advertise, as to the theatre proprietors, the sale of admission tickets and the prices therefor. If the defendant were to be held responsible under the Criminal Law, cardboard signs and advertisements in windows, railroad cars, and even in the daily newspapers might be the subject of successful criminal prosecution. Such a construction would be manifestly unjust and strained; and, instead of furthering the objects of this law it would surely

defeat the very worthy purpose of the law. Advertisements, printed announcements, signs and placards are permissible provided that they do not violate the ordinances with respect to the placing and maintenance of signs, etc., in the City of New York.

I can well understand how certain signs carried about on the public highways, or the distribution of certain printed matter publicly may be treated as an act of soliciting, and come within the condemnation of this law; but I feel that the facts in each individual case must control in order to enable a determination of the question of fact and of law.

I have concluded that this is not a case, as charged, of unlawfully conducting in a public place the business of selling and offering for sale tickets of admission to a public amusement on the ninth day of February, 1922, and I therefore vote to acquit this defendant.

O'KEEFE, J.:

In my judgment the evidence in this case does not justify a conviction under section 1534 of the Penal Law. I feel that this statute was designed to prevent abuses on the highway and incidental to it, on the part of ticket speculators.

The use of the words " or other means " to my mind means conduct equally as offensive as the other acts explicitly stated under the statute. If this sign were within the window, instead of without, would it be a crime? There is no suggestion that it invaded the highway. If it had, there is adequate provisions for the prosecution of whoever might be responsible for the encumbrance. Does the statute mean that a man might carry on the business of ticket speculator and not be permitted to have a sign on his window, just as he might if he sold hats or shoes?

I vote to acquit.